UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | |
|---|---|
| BUC-EE'S, LTD, <br><br>   Plaintiff, <br><br>  v. <br><br>BORN UNITED LLC.; and DOES 1-10, inclusive, <br><br>   Defendant. | CASE NO.: 2:25-cv-04537-DCN <br><br>**COMPLAINT** <br><br>1. **FEDERAL TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT** <br><br>2. **FALSE DESIGNATION OF ORIGIN AND FALSE ADVERTISING** <br><br>3. **COMMON LAW TRADEMARK INFRINGEMENT** <br><br>4. **COMMON LAW UNFAIR COMPETITION** <br><br>**JURY TRIAL DEMANDED** |

  Plaintiff BUC-EE'S, LTD. ("Buc-ee's" or "Plaintiff") for its Complaint against Defendant BORN UNITED, LLC. ("Born United") and DOES 1-10 (collectively "Defendant") alleges as follows:

**JURISDICTION AND VENUE**

  1. This action arises out of Defendant's complicit and unlawful acts constituting trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. § 1051, et seq. (the "Lanham Act"), and for related claims under the statutory and common law of the State of South Carolina.

1

2. This Court has subject matter jurisdiction over the federal claims asserted in this action under 28 U.S.C. §§ 1331 and 1338(a) and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) because they are so related to the federal claims that they form part of the same case or controversy.

3. This Court has personal jurisdiction over Defendant pursuant to 28 U.S.C. § 1400 because Defendant maintains its headquarters and/or resides in and has committed acts of infringement in this district.

4. Venue is proper under 28 U.S.C. §§ 1391(b)-(c) because a substantial part of the events or omissions giving rise to the claims alleged occurred in this judicial district, and 28 U.S.C. § 1400(b) because Defendant committed acts of infringement in this judicial district.

## THE PARTIES

5. Plaintiff Buc-ee's is a limited partnership organized and existing under the laws of the State of Texas, with its principal office and place of business located at 327 FM 2004, Lake Jackson, Texas 77566. Buc-ee's operates a widely acclaimed chain of travel centers and convenience stores across the United States, including within this district.

6. Buc-ee's locations are known for offering a broad range of goods and services to travelers, including fuel, food, beverages, and branded merchandise. Among Buc-ee's extensive offerings, a significant and growing portion of its business involves the manufacture, distribution, and sale of clothing prominently featuring Buc-ee's world-famous trademarks. Buc-ee's owns and uses multiple common law and federally registered trademarks, including those identified in Paragraph 12 below, which are prominently displayed on its clothing and merchandise sold throughout the United States.

7. Since its founding in 1982, Buc-ee's has earned a widespread reputation for providing superior convenience store services, food, and merchandise under its iconic Buc-ee's brand and logo. Over decades of continuous use, Buc-ee's trademarks have become widely recognized in the United States, including in this district. In particular, Buc-ee's branded clothing bearing its trademarks has become highly popular among consumers, further strengthening the goodwill associated with the Buc-ee's name.

8. Today, Buc-ee's operates over fifty locations across nine states—Missouri, Texas, Alabama, Florida, Georgia, South Carolina, Tennessee, Kentucky, and Colorado and Missouri. Buc-ee's is renowned not only for its clean, expansive travel centers and record-setting car wash facilities and store, but also for its extensive line of Buc-ee's-branded apparel. Buc-ee's clothing, emblazoned with its original and distinctive trademarks, has been a core part of its offerings for many years, helping solidify Buc-ee's reputation for quality and brand loyalty across the United States.

9. Upon information and belief, Defendant Born United is a limited liability company organized and existing under the laws of the State of South Carolina, with its principal office and place of business located at 7130 Henry East Brown Jr. Blvd., Goose Creek, South Carolina 29445. Its registered agent, Cameron Bechtold maintains a service address at 109 Rhetts Way in Summerville, South Carolina 29485.

10. Born United is engaged in the business of selling clothing and other merchandise bearing patriotic themes and slogans. It operates under the slogan "bringing brands together that stand for freedom," and offers its own private label products as well as merchandise from third-party brands such as Grunt Style, Palmetto State Armory, Nine Line Apparel, and others. Born

United sells products online and through retail locations in several states, including South Carolina, Virginia, Florida, Indiana, and Tennessee.

11. Buc-ee's is informed and believes that, together with Born United, other individuals and entities currently named as DOES 1-10 may also be responsible in one manner or another for the wrongs alleged herein, in that at all relevant times, each one (including Born United) was the agent and servant of the others and acting within the course and scope of said agency and employment. These other individuals and entities are sued under fictitious names DOES 1-10 because their true names and capacities are currently unknown to Plaintiff. Buc-ee's will seek leave to amend this Complaint when the true names and capacities of DOES 1-10 are ascertained.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

**A.     Buc-ee's Trademark Rights**

12. Among others, Buc-ee's is the owner of all rights in and to the following trademarks, which are valid and registered on the Principal Register of the United States Patent and Trademark Office (collectively the "Buc-ee's Marks"):

| Trademark | Registration Number | Registration Date | Class / Summary of Goods |
|---|---|---|---|
| (Buc-ee's beaver logo) | 3,246,893 | May 29, 2007 | IC 35 retail store services featuring convenience store items and gasoline |

4

| Trademark | Registration Number | Registration Date | Class / Summary of Goods |
|---|---|---|---|
| | 4,007,064 | Aug. 2, 2011 | IC 12 antenna toppers sold in retail convenience stores; 16 stickers sold in retail convenience stores; 21 drinking glasses, mugs, cups, portable beverage coolers, and bread boards sold in retail convenience stores; 25 clothing goods sold in retail convenience stores, namely shirts, pants, jackets, tee-shirts, ball caps, pajamas, underwear, boxers, hats, cowboy hats; 28-31 toys and games, sporting goods, meats, and/or processed foods, staple foods, and natural agricultural products sold in retail stores; and 35 advertising and business services |
| | 6,421,517 | July 13, 2021 | IC 18 pet clothing, collars, and leashes; 21 pet feeding and drinking bowls; and 28 pet toys |
| | 4,316,461 | July 2, 2013 | IC 16 stickers sold in retail convenience stores; 21 drinking glasses, mugs, cups, portable coolers and bread boards sold in retail convenience stores; 25 clothing goods sold in retail convenience stores; 28-31 toys and games, sporting goods, meats, and/or processed foods, staple foods, and natural agricultural products sold in retail convenience stores; and 35 advertising and business services |

| Trademark | Registration Number | Registration Date | Class / Summary of Goods |
|---|---|---|---|
|  | 6,421,518 | July 13, 2021 | IC 18 pet clothing, collars, and leashes; 21 pet feeding and drinking bowls; and 28 pet toys |
|  | 7,419,559 | June 18, 2024 | IC 35 retail store services featuring convenience store items and gasoline |

The Buc-ee's Marks are used in conjunction with the manufacture and distribution of high-quality goods in the categories identified above. True and correct copies of the Certificates of Registration for the Buc-ee's Marks are attached hereto as Exhibits A – F.

13.     The above U.S. registrations for the Buc-ee's Marks are valid, subsisting, in full force and effect, and the 3,246,893, 4,007,064, and 4,316,461 marks are incontestable pursuant to 15 U.S.C. § 1065. The registrations for the Buc-ee's Marks constitute *prima facie* evidence of their validity and of Buc-ee's exclusive right to use the Buc-ee's Marks pursuant to 15 U.S.C. § 1057(b). The Buc-ee's Marks have been used exclusively and continuously by Buc-ee's, Ltd. and have never been abandoned.

14.     The Buc-ee's Marks have been used in interstate commerce to identify and distinguish Buc-ee's quality goods for an extended period of time and the Buc-ee's Marks have been used by Buc-ee's long prior in time to Defendant's use of copies of the Buc-ee's Marks

15. The Buc-ee's Marks have achieved tremendous recognition, which has only added to the distinctiveness of the marks. As a result, the Buc-ee's Marks are valuable assets. As such, Buc-ee's has built substantial goodwill in the Buc-ee's Marks, which is of incalculable and inestimable value to Buc-ee's.

16. The Buc-ee's Marks have been widely promoted in the United States and are widely recognized trademarks. In fact, Buc-ee's expends substantial resources developing, advertising and otherwise promoting the Buc-ee's Marks.

17. Buc-ee's extensively uses, advertises, and promotes the Buc-ee's Marks in the United States in association with the sale of quality goods and has carefully monitored and policed the use of the Buc-ee's Marks.

18. The Buc-ee's Marks are distinctive signifying to the purchaser that the products come from Buc-ee's and are manufactured to Buc-ee's quality standards. All genuine Buc-ee's products are inspected and approved by or on behalf of Buc-ee's prior to distribution and sale. As a result of Buc-ee's efforts, members of the consuming public readily identify merchandise bearing or sold under the Buc-ee's Marks, as being quality goods sponsored and approved by Buc-ee's.

19. Accordingly, the Buc-ee's Marks have achieved secondary meaning as identifiers of quality goods.

B. **Defendant's Infringing Activities**

20. Upon information and belief, Defendant Born United is engaged in the retail sale of apparel, accessories, and gear through Born United retail stores, its own website at www.BornUnited.com, and nationwide to various third-party sellers.

21. The present lawsuit arises from Defendant's design, manufacture, distribution, advertisement, marketing, offering for sale, and sale of clothing products and memorabilia which infringe upon Plaintiff's rights to the Buc-ee's Marks ("Accused Products" and/or "Accused Marks"), exemplars of which are shown below.:







**BORN UNITED PRIVATE LABEL**

Men's Performance Hybrid Shorts | 5.5"- Tac-Bucc

$49.95



22.     Buc-ee's is informed and believes and herein alleges that Defendant is a competitor and has introduced the Accused Products into the stream of commerce to exploit Buc-ee's reputation in the market established in the Buc-ee's Marks, brand, and products.

23.     The Accused Products, including short and long-sleeved shirts in various colors and patch emblems, all clearly depict Plaintiff's Buc-ee's Marks.

24.     Buc-ee's has not granted a license or any other form of permission to Defendant with respect to any of its trademarks or other intellectual property. Despite receiving a cease-and-desist letter from Plaintiff, Plaintiff is informed and believes that Defendant continued to sell infringing goods.

25.     Upon information and belief, Defendant may have sold additional products that infringe upon Buc-ee's trademarks or other intellectual property. Buc-ee's will seek leave to amend as additional information becomes available through discovery. The Accused Products appear to be among Defendant's best-selling items, and they sell both shirts and patches bearing the same infringing design.

26. Buc-ee's is informed and believes and herein alleges that Defendant acted in bad faith and that Defendant's acts have misled and confused and were intended to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of the Accused Products with Buc-ee's, or as to the origin, sponsorship, or approval of the Accused Products by Buc-ee's.

27. Defendant's slavish copying of the Buc-ee's Marks and continued sale of the infringing products even after receiving the cease-and-desist letter demonstrates willful infringement and bad faith conduct designed to capitalize on Plaintiff's established goodwill and reputation.

## FIRST CLAIM FOR RELIEF
### (Trademark Infringement - 15 U.S.C. § 1114)

28. Plaintiff Buc-ee's incorporates herein by reference the allegations of the preceding paragraphs as though fully set forth herein.

29. The Buc-ee's Marks are nationally recognized, including within this judicial district, as being affixed to goods and apparel as identifying Plaintiff.

30. The registrations embodying the Buc-ee's Marks are in full force and effect, have never been abandoned and the 3,246,893, 4,007,064, and 4,316,461 marks incontestable.

31. Defendant Born United's infringing activities, as set forth above, are likely to cause confusion, mistake, or deception, or to deceive consumers as to the source, origin, affiliation, association, or sponsorship of Defendant's goods or services and falsely mislead consumers into believing that the Defendant's products originate from; are affiliated or connected with Buc-ee's, or are licensed, sponsored, authorized, approved by, or sanctioned by Buc-ee's; or that Plaintiff controls the quality of Defendant's products.

11

32. Defendant's infringing use of the Buc-ee's Marks is without Plaintiff's permission or authority and in total disregard of Plaintiff's rights to control its reputation and intellectual property.

33. Defendant's activities are likely to lead to and result in confusion, mistake or deception, and are likely to cause the public to believe that Buc-ee's has produced, sponsored, authorized, licensed or is otherwise connected or affiliated with Defendant's commercial and business activities, all to the detriment of Plaintiff.

34. Defendant's activities are likely to cause confusion between Plaintiff's Buc-ee's Marks and Defendant's Accused Products. This confusion can take the form of initial interest, point of sale, and post-sale.

35. Upon information and belief, Defendant's acts are deliberate and intended to confuse the public as to the source of Defendant's goods or services and to injure Plaintiff and reap the benefit of Plaintiff's goodwill associated with its brand and trademarks.

36. As a direct and proximate result of Defendant's infringing activities, Plaintiff has been injured and will continue to suffer injury to its business and reputation unless Defendants are restrained by this Court from infringing the Buc-ee's Marks.

37. Plaintiff has no adequate remedy at law.

38. In light of the foregoing, Plaintiff is entitled to injunctive relief prohibiting Defendants from using the Accused Products, or using any marks identical and/or confusingly similar to the Buc-ee's Marks, for any purpose, and to recover from Defendants all damages, including attorneys' fees, that Plaintiff has sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendants as a result thereof, in an amount

not yet known, as well as the costs of this action pursuant to 15 U.S.C. § 1117(a) and attorneys' fees and treble damages pursuant to 15 U.S.C. § 1117(b).

## SECOND CLAIM FOR RELIEF

### (False Designation of Origin and Unfair Competition 15 U.S.C. § 1125(a))

39. Plaintiff Buc-ee's incorporates herein by reference the allegations of the preceding paragraphs as though fully set forth herein.

40. Defendant Born United's infringing activities, as set forth above, are likely to cause confusion, mistake, or deception, or to deceive consumers as to the source, origin, affiliation, association, or sponsorship of Plaintiff's goods and services or Defendant's goods and services and falsely mislead consumers into believing that Defendant's products originate from Buc-ee's; are affiliated or connected with Buc-ee's; or are licensed, sponsored, authorized, approved by, or sanctioned by Buc-ee's; or that Buc-ee's controls the quality of Defendant's products.

41. Defendant's use of the Accused Marks is without Buc-ee's permission or authority and in total disregard of Plaintiff's rights.

42. Buc-ee's has been irreparably damaged by the Defendant's unfair competition and misuse of the Buc-ee's Marks.

43. Plaintiff has no adequate remedy at law.

44. Defendant's egregious conduct in selling infringing merchandise is willful and intentional.

45. In light of the foregoing, Plaintiff is entitled to injunctive relief prohibiting Defendants from using the Buc-ee's Marks, or any trademarks identical and/or confusingly similar to the Buc-ee's Marks, and to recover all damages, including attorneys' fees, that Plaintiff

has sustained and will sustain, and all gains, profits and advantages obtained by Defendants as a result of their infringing acts alleged above in an amount not yet known, and the costs of this action.

### THIRD CLAIM FOR RELIEF

### (Common Law Trademark Infringement)

46. Plaintiff Buc-ee's incorporates herein by reference the allegations of the preceding paragraphs as though fully set forth herein.

47. Buc-ee's owns and enjoys common law trademark rights in the Buc-ee's Marks throughout the United States, including but not limited to in the state of South Carolina.

48. Defendant Born United's infringing activities in appropriating rights in Plaintiff's common law trademarks are intended to capitalize on Plaintiff's goodwill for the purpose of Defendant's own pecuniary gain. Plaintiff has expended substantial time, resources and efforts to obtain an excellent reputation for its Buc-ee's brand. As a result of Plaintiff's efforts, Defendants are now unjustly enriched and are benefitting from intellectual property rights that rightfully and exclusively belong to Plaintiff.

49. Defendant's infringing use of the Buc-ee's Marks is without Plaintiff's permission or authority and in total disregard of Plaintiff's rights to control its reputation and intellectual property.

50. Defendant's unauthorized use of the Buc-ee's Marks has caused and is likely to cause confusion as to the source of Defendant's goods and/or services, all to the detriment of Plaintiff.

51. Defendant's acts are willful, deliberate, and intended to confuse the public and/or injure Plaintiff.

52. Plaintiff has been irreparably harmed and will continue to be irreparably harmed because of Defendant's aforementioned infringing activities, unless Defendants are permanently enjoined by this Court.

53. Said conduct continues to be inflicted on Plaintiff and violates Plaintiff's common law trademark rights in the Buc-ee's Marks. Said conduct was and continues to be harmful to Plaintiff, and as such Plaintiff is entitled to the assessment of increased and punitive damages against Defendants, in an amount determined at the trial of this action.

**FOURTH CLAIM FOR RELIEF**

**(Unfair Competition Under South Carolina
Trade Practices Act, S.C. Code § 39-5-10 et seq.)**

54. Plaintiff incorporates herein by reference the allegations of the preceding paragraphs as though fully set forth herein.

55. This claim arises under South Carolina Unfair Trade Practices Act, S.C. Code §39-5-10 et seq. ("SCUTPA") for willful and deliberate unfair competition against Defendant.

56. Defendant's wrongful acts alleged herein create a likelihood of confusion, mistake, or deception among consumers between Plaintiff's goods and services and those offered by Defendant in connection with the Buc-ee's Marks.

57. Defendant's wrongful acts alleged herein adversely affect the public interest because such acts have the potential for repetition and the public's ability to rely on trademark law is undermined by such conduct.

58. At the time Defendant began using the Buc-ee's Marks, Defendant had constructive notice of same under 15 U.S.C. § 1072.

59. Defendant knew, or should have known, that its use of Buc-ee's Marks in connection with clothing and related goods would cause confusion, mistake, or deception among consumers.

60. Defendant's wrongful acts alleged herein have permitted and/or will permit Defendant to earn substantial revenues and profits on the strength of Plaintiff's extensive advertising, consumer recognition, and goodwill associated with its Buc-ee's Marks.

61. Because of Defendants' wrongful acts alleged herein, Plaintiff has suffered and is continuing to suffer damage to its business, trade, reputation, and goodwill as a result of the erroneous perception that the goods of Defendant are affiliated with, sponsored by, approved by, or originate from Plaintiff.

62. As a result of Defendant's wrongful acts alleged herein, Plaintiff has suffered and is continuing to suffer irreparable injury. Plaintiff cannot be adequately compensated for these injuries by damages alone, and Plaintiff has no adequate remedy at law. Plaintiff is entitled to preliminary and permanent injunctive relief.

63. Because Defendants' wrongful acts alleged herein constitute unfair and deceptive acts and business practices in violation of SCUPTA, Plaintiff is entitled to an award of damages, treble damages, and attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Buc-ee's, Ltd. respectfully prays that this Court enter judgment in its favor and against Defendant Born United LLC, as follows:

1. A judgment that Defendants have infringed the Buc-ee's Marks and that said infringement was willful;

16

2. An order granting permanent injunctive relief restraining and enjoining Defendants, their agents, servants, employees, officers, associates, attorneys, and all persons acting by, through, or in concert with any of them from infringing upon the Buc-ee's Marks, including, but not limited to:

   a. seeking to register or maintain any application or registration for and/or related to the Accused Marks, and all pending applications or any registration resulting therefrom be withdrawn or abandoned with prejudice;

   b. manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling the good and/or services that bear the Accused Marks, or any other trademarks identical and/or confusingly similar thereto;

   c. engaging in any other activity constituting unfair competition with Plaintiff, or acts and practices that deceive consumers, the public, and/or trade, including without limitation, the use of designations owned by or associated with Plaintiff; and

   d. committing any other act which falsely represents, or which has the effect of falsely representing that the goods and services of Defendants are licensed by, authorized by, offered by, produced by, sponsored by, or in any other way associated with Plaintiff;

3. Ordering Defendants to recall from any distributors and retailers and to deliver to Plaintiff for destruction or other disposition all remaining inventory of all goods bearing the Accused Marks, as well as related items, including all advertisements, promotional and marketing materials therefore, as well as means of making same;

4. Ordering Defendants to file with this Court and serve on Plaintiff within thirty (30) days after entry of the injunction a report in writing, under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

5. Ordering an accounting by Defendants of all gains, profits and advantages derived from its wrongful acts pursuant to 15 U.S.C. § 1117(a);

6. Awarding Plaintiff all of Defendant's profits and all damages sustained by Plaintiff because of Defendant's wrongful acts, and such other compensatory damages as the Court determines to be fair and appropriate;

7. Awarding enhanced damages in the Court's discretion as a result of Defendant's willful infringement;

8. Finding that this is an exceptional case under 15 U.S.C. § 1117 and awarding attorneys' fees there under;

9. Awarding applicable interest, costs, disbursements and attorneys' fees;

10. Awarding Plaintiff punitive damages in connection with its claims under Oregon law; and

11. Such other relief as may be just and proper.

Respectfully submitted,

May 27, 2025

*s/ Timothy D. St.Clair*
Timothy D. St Clair (Fed. ID # 4270)
Tasneem A. Dharamsi (Fed. ID # 13649)
**PARKER POE ADAMS & BERNSTEIN LLP**
110 East Court Street
Suite 200
Greenville, SC 29601
Telephone: (864) 577-6371
Email: timstclair@parkerpoe.com
Email: tasneemdharamsi@parkerpoe.com

Brent H. Blakely (*pro hac vice*, pending)
**BLAKELY LAW GROUP**
1108 Manhattan Ave., Unit B
Manhattan Beach, California 90266
Telephone: (310) 546-7400
Email:  bblakely@blakelylawgroup.com

*Attorneys for Plaintiff*

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Buc-ee's, Ltd., hereby demands a trial by jury as to all claims in this Civil Action.

Respectfully submitted,

May 27, 2025

*s/ Timothy D. St.Clair*
Timothy D. St Clair (Fed. ID # 4270)
**PARKER POE ADAMS & BERNSTEIN LLP**
110 East Court Street
Suite 200
Greenville, SC 29601
Telephone: (864) 577-6371
Email: timstclair@parkerpoe.com