**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**



| | |
|---|---|
| BUC-EE'S, Ltd., | ) Civil Action No.: 2:25-cv-04537-DCN |
| Plaintiff, | ) |
| v. | ) **FIRST AMENDED COMPLAINT** |
| Born United LLC;<br>Born United Holdings, LLC;<br>Born United Branson, LLC;<br>Born United Daytona, LLC;<br>Born United Edinburgh, LLC;<br>Born United Knoxville, LLC;<br>Born United Lynchburg, LLC;<br>Born United Myrtle Beach, LLC;<br>Born United Sevierville, LLC;<br>Born United Summerville, LLC;<br>Cameron Bechtold;<br>Jared Williams; and<br>Josiah Bradley, | ) 1. FEDERAL TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT<br><br>) 2. FALSE DESIGNATION OF ORIGIN AND FALSE ADVERTISING<br><br>) 3. COMMON LAW TRADEMARK INFRINGEMENT<br><br>) 4. COMMON LAW UNFAIR COMPETITION |
| Defendants. | ) **JURY TRIAL DEMANDED** |

Plaintiff BUC-EE'S, Ltd. ("Buc-ee's" or "Plaintiff") for its First Amended Complaint against the Defendants alleges as follows:

## JURISDICTION AND VENUE

1.     This action arises out of Defendants' complicit and unlawful acts constituting trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. § 1051, *et seq.* (the "Lanham Act"), South Carolina and federal common law, and the South Carolina Trade Practices Act, S.C. Code § 39-5-10 *et seq.*

2.     This Court has subject matter jurisdiction over the federal claims asserted in this action under 28 U.S.C. §§ 1331 and 1338(a) and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) because they are so related to the federal claims that they form part of the same case or controversy.

3.      The Court has personal jurisdiction over each Defendant because, on information and belief, each Defendant has transacted and regularly transacts business in the State of South Carolina and in this judicial District; contracts to supply goods in the State of South Carolina and in this judicial District; produces, manufactures, or distributes goods with the reasonable expectation they will be used or consumed in the State of South Carolina and in this judicial District; and/or enters into contracts to be performed in whole or in part by either party in the State of South Carolina and in this judicial District. Further, this Court has personal jurisdiction over the limited liability company Defendants because each is organized in and existing under the laws of the State of South Carolina. Finally, each and all of the Defendants have otherwise established contacts with the State of South Carolina, making the exercise of personal jurisdiction proper.

4.      Venue is proper under 28 U.S.C. §§ 1391(b)-(c) because a substantial part of the events or omissions giving rise to the claims alleged occurred in this judicial district, and 28 U.S.C. § 1400(b) because Defendants committed acts of infringement in this judicial district.

## THE PARTIES

5.      Plaintiff Buc-ee's is a limited partnership organized and existing under the laws of the State of Texas, with its principal office and place of business located at 327 FM 2004, Lake Jackson, Texas 77566. Buc-ee's operates a widely acclaimed chain of travel centers and convenience stores across the United States, including within this district.

6.      Buc-ee's locations are known for offering a broad range of goods and services to travelers, including fuel, food, beverages, and branded merchandise. Among Buc-ee's extensive offerings, a significant and growing portion of its business involves the manufacture, distribution, and sale of clothing prominently featuring Buc-ee's world-famous trademarks. Buc-ee's owns

2

and uses multiple common law and federally registered trademarks, including those identified below, which are prominently displayed on its clothing and merchandise sold throughout the United States.

7.     Since its founding in 1982, Buc-ee's has earned a widespread reputation for providing superior convenience store services, food, and merchandise under its iconic Buc-ee's brand. Over decades of continuous use, Buc-ee's trademarks have become widely recognized in the United States, including in this district. In particular, Buc-ee's branded clothing bearing its trademarks has become highly popular among consumers, further strengthening the goodwill associated with the Buc-ee's brand.

8.     Today, Buc-ee's operates over fifty locations across more than ten states— Missouri, Texas, Alabama, Florida, Georgia, South Carolina, Tennessee, Kentucky, Mississippi, Virginia, and Colorado. Buc-ee's is renowned not only for its clean, expansive travel centers, and record-setting car wash facilities and store, but also for its extensive line of Buc-ee's-branded apparel. Buc-ee's clothing, emblazoned with its original and distinctive trademarks, has been a core part of its offerings for many years, helping solidify Buc-ee's reputation for quality and brand loyalty across the United States.

9.     Upon information and belief, Defendant Born United LLC is a limited liability company organized and existing under the laws of the State of South Carolina, with its principal office and place of business located at 7130 Henry East Brown Jr. Blvd., Goose Creek, South Carolina 29445. Its registered agent, Cameron Bechtold, maintains a service address at 109 Rhetts Way in Summerville, South Carolina 29485.

10.     Upon information and belief, Defendant Born United Holdings, LLC is a limited liability company organized and existing under the laws of the State of South Carolina. Its

3

registered agent is also the Cameron Bechtold identified in Paragraph 9 and at the same service address as described in Paragraph 9.

11.     Upon information and belief, Defendant Born United Branson, LLC is a limited liability company organized and existing under the laws of the State of South Carolina. Its registered agent, Roman V. Hammes, Esq., maintains a service address at 215 W. 2nd South Street, Summerville, South Carolina 29843.

12.     Upon information and belief, Defendant Born United Daytona, LLC is a limited liability company organized and existing under the laws of the State of South Carolina. Its registered agent is also the Roman V. Hammes, Esq. identified in Paragraph 11 and at the same service address as described in Paragraph 11.

13.     Upon information and belief, Defendant Born United Edinburgh, LLC is a limited liability company organized and existing under the laws of the State of South Carolina. Its registered agent is also the Roman V. Hammes, Esq. identified in Paragraph 11 and at the same service address as described in Paragraph 11.

14.     Upon information and belief, Defendant Born United Knoxville, LLC is a limited liability company organized and existing under the laws of the State of South Carolina. Its registered agent is also the Roman V. Hammes, Esq. identified in Paragraph 11 and at the same service address as described in Paragraph 11.

15.     Upon information and belief, Defendant Born United Lynchburg, LLC is a limited liability company organized and existing under the laws of the State of South Carolina. Its registered agent is also the Roman V. Hammes, Esq. identified in Paragraph 11 and at the same service address as described in Paragraph 11.

16.     Upon information and belief, Defendant Born United Myrtle Beach, LLC is a limited liability company organized and existing under the laws of the State of South Carolina. Its registered agent is also the Roman V. Hammes, Esq. identified in Paragraph 11 and at the same service address as described in Paragraph 11.

17.     Upon information and belief, Defendant Born United Sevierville, LLC is a limited liability company organized and existing under the laws of the State of South Carolina. Its registered agent is also the Roman V. Hammes, Esq. identified in Paragraph 11 and at the same service address as described in Paragraph 11.

18.     Upon information and belief, Defendant Born United Summerville, LLC is a limited liability company organized and existing under the laws of the State of South Carolina. Its registered agent is also the Cameron Bechtold identified in Paragraph 9 and at the same service address as described in Paragraph 9.

19.     The limited liability companies described in Paragraphs 9 – 18 hereinabove are referred to together in this First Amended Complaint as the "Limited Liability Companies."

20.     Defendant Born United LLC owns, operates, and/or controls, either directly or through franchise agreements, the others of the Limited Liability Companies.

21.     According to Defendant Born United LLC, Defendants Bechtold, Williams, and Bradley, were the people involved in the "conception of, selection of, and/or decision to use the Accused Marks."

22.     Defendant Cameron Bechtold is an individual. Upon information and belief, he is a founder and co-owner of at least Born United LLC.

23.     Defendant Jared Williams is an individual. Upon information and belief, he is a co-owner of at least Born United LLC.

24.     Defendant Josiah Bradley is an individual. Upon information and belief, he is a graphic designer for at least Born United LLC.

25.     The Limited Liability Companies, together with Defendants Bechtold and Williams, are engaged in the business of selling clothing and other merchandise, bearing patriotic themes and slogans. They operate under the slogan "bringing brands together that stand for freedom," and offer their own private label products as well as merchandise from third-party brands such as Grunt Style, Palmetto State Armory, Nine Line Apparel, and others. Born United sells products online and through retail locations in several states, including South Carolina, Virginia, Florida, Indiana, and Tennessee. Upon information and belief, Defendant Bradley provided graphic designs for such merchandise, including the infringing designs defined hereinbelow as the "Accused Products."

<u>**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**</u>

A.     **Buc-ee's Trademark Rights**

26.     For more than four decades, Buc-ee's has offered high quality services and merchandise, including clothing, to the public under the Buc-ee's beaver branding. Exemplary images of Buc-ee's beaver branding appear below:










As a result of Buc-ee's consistent and continuous uses of its beaver branding, including as shown above, Buc-ee's beaver branding has become widely known and positively associated with Buc-ee's goods and services in the minds of consumers across the United States and in South Carolina.

27.     As part of Buc-ee's beaver branding, Buc-ee's owns all common law and registered rights in and to the trademarks identified in the following chart, all of which are valid and registered on the Principal Register of the United States Patent and Trademark Office (collectively the "Buc-ee's Trademark Registrations"):

| Trademark | Registration Number | Registration Date | Class / Summary of Goods |
|---|---|---|---|
| | 3,246,893 | May 29, 2007 | IC 35 retail store services featuring convenience store items and gasoline |
| | 4,007,064 | Aug. 2, 2011 | IC 12 antenna toppers sold in retail convenience stores; 16 stickers sold in retail convenience stores; 21 drinking glasses, mugs, cups, portable beverage coolers, and bread boards sold in retail convenience stores; 25 clothing goods sold in retail convenience stores, namely shirts, pants, jackets, tee-shirts, ball caps, pajamas, underwear, boxers, hats, cowboy hats; 28-31 toys and games, sporting goods, meats, and/or processed foods, staple foods, and natural agricultural products sold in retail stores; and 35 advertising and business services |

| Trademark | Registration Number | Registration Date | Class / Summary of Goods |
|---|---|---|---|
| | 6,421,517 | July 13, 2021 | IC 18 pet clothing, collars, and leashes; 21 pet feeding and drinking bowls; and 28 pet toys |
| | 4,316,461 | July 2, 2013 | IC 16 stickers sold in retail convenience stores; 21 drinking glasses, mugs, cups, portable coolers and bread boards sold in retail convenience stores; 25 clothing goods sold in retail convenience stores; 28-31 toys and games, sporting goods, meats, and/or processed foods, staple foods, and natural agricultural products sold in retail convenience stores; and 35 advertising and business services |
| | 6,421,518 | July 13, 2021 | IC 18 pet clothing, collars, and leashes; 21 pet feeding and drinking bowls; and 28 pet toys |
| | 7,419,559 | June 18, 2024 | IC 35 retail store services featuring convenience store items and gasoline |

| Trademark | Registration Number | Registration Date | Class / Summary of Goods |
|-----------|--------------------|--------------------|--------------------------|
| | 8,113,899 | | IC 4 candles; IC 5 babies' swim diapers; IC 12 car window shades; IC 14 lanyards for holding keys, souvenir pressed coins; IC 16 lanyards for name badge holders, printed coloring books, printed children's activity books, blank writing journals, wrapping paper, scratch art kits comprising paper and pen, paper cake decoration; IC 20 chairs; IC 21 cups, non-electric portable coolers, insulating sleeve holders for beverage cans and cups, thermal insulated bags for food and beverages, shot glasses, tumblers for use as drinking glasses, mugs, lunch boxes; IC 22 canopies of textile or synthetic materials, hammocks; IC 25 one-piece suits, headwear, socks, tops as clothing, bottoms as clothing, sweatshirts; IC 26 hair ties, hair bands, ribbons and bows being hair decorations; IC 28 balls for games, playing cards, jigsaw puzzles, parlor games, building games, manipulative games, board games, washer toss games, namely, outdoor activity game equipment sold as a unit comprising washers and washer toss game boards for playing games, fidget toys, body boards, water toys, beach balls, inflatable tube floats for aquatic recreational use; IC 29 nut-based snack foods, meat-based snack foods, vegetable-based snack foods, cheese-based snack foods, potato-based snack foods, fruit-based snack foods, snack food dips, fruit butters, fruit preserves, pickled vegetables, jams and jellies, eggs, garden salads, chicken salads, potato salads, food |

| Trademark | Registration Number | Registration Date | Class / Summary of Goods |
|---|---|---|---|
| | | | package combinations consisting primarily of meat and cheese, packaged meats; IC 30 pretzels, frozen confections, chocolate confections, cookie dough, coffee, tea, sandwiches, mints for breath freshening, sauces, seasonings, ice, candy, salsa, cereal-based snacks, grain-based snack foods, corn-based snack foods, wrap sandwiches, fudge, cotton candy; IC 32 soft drinks; IC 35 retail store services featuring a wide variety of consumer goods of others; IC 37 car washing services; IC 43 take-out restaurant services, coffee bar services |
| | 8,113,900 | | IC 4 candles; IC 5 babies' swim diapers; IC 12 car window shades; IC 14 lanyards for holding keys, souvenir pressed coins; IC 16 lanyards for name badge holders, printed coloring books, printed children's activity books, blank writing journals, wrapping paper, scratch art kits comprising paper and pen, paper cake decoration; IC 20 chairs; IC 21 cups, non-electric portable coolers, insulating sleeve holders for beverage cans and cups, thermal insulated bags for food and beverages, shot glasses, tumblers for use as drinking glasses, mugs, lunch boxes; IC 22 canopies of textile or synthetic materials, hammocks; IC 25 one-piece suits, headwear, socks, tops as clothing, bottoms as clothing, sweatshirts; IC 26 hair ties, hair bands, ribbons and bows being hair decorations; IC 28 balls for games, playing cards, jigsaw puzzles, parlor games, building games, |

| Trademark | Registration Number | Registration Date | Class / Summary of Goods |
|---|---|---|---|
| | | | manipulative games, board games, washer toss games, namely, outdoor activity game equipment sold as a unit comprising washers and washer toss game boards for playing games, fidget toys, body boards, water toys, beach balls, inflatable tube floats for aquatic recreational use; IC 29 nut-based snack foods, meat-based snack foods, vegetable-based snack foods, cheese-based snack foods, potato-based snack foods, fruit-based snack foods, snack food dips, fruit butters, fruit preserves, pickled vegetables, jams and jellies, eggs, garden salads, chicken salads, potato salads, food package combinations consisting primarily of meat and cheese, packaged meats; IC 30 pretzels, frozen confections, chocolate confections, cookie dough, coffee, tea, sandwiches, mints for breath freshening, sauces, seasonings, ice, candy, salsa, cereal-based snacks, grain-based snack foods, corn-based snack foods, wrap sandwiches, fudge, cotton candy; IC 32 soft drinks; IC 35 retail store services featuring a wide variety of consumer goods of others; IC 37 car washing services; IC 43 take-out restaurant services, coffee bar services |

28.     Buc-ee's registered rights and common law rights in its beaver branding and Buc-ee's Trademark Registrations shown and described in Paragraphs 26 and 27 are collectively referred to as the "Buc-ee's Marks." Buc-ee's uses, and has the exclusive right to use, the Buc-ee's Marks in connection with its sale, offering for sale, distribution, and advertising of high-

quality goods and services, including in the categories ("IC") identified in the table above. True and correct copies of the Certificates of Registration are attached hereto as Exhibits A – H.

29.     The Buc-ee's Trademark Registrations are valid, subsisting, in full force and effect, and Registration Nos. 3,246,893, 4,007,064, and 4,316,461 are incontestable pursuant to 15 U.S.C. § 1065. The Buc-ee's Trademark Registrations constitute prima facie evidence of their validity and of Buc-ee's exclusive right to use the Buc-ee's Marks pursuant to 15 U.S.C. § 1057(b). The Buc-ee's Marks have been used exclusively and continuously by Buc-ee's, Ltd. and have never been abandoned.

30.     Buc-ee's has used the Buc-ee's Marks in interstate commerce to identify and distinguish Buc-ee's quality goods for decades and the Buc-ee's Marks have been used by Buc-ee's long before Defendants copied and used the Buc-ee's Marks.

31.     The Buc-ee's Marks have achieved tremendous recognition, which has only added to the strength of the marks. As a result, the Buc-ee's Marks are valuable assets and Buc-ee's has built substantial goodwill in the Buc-ee's Marks, which is of incalculable and inestimable value to Buc-ee's.

32.     Buc-ee's has widely promoted the Buc-ee's Marks in the United States and they have become widely recognized by consumers. Buc-ee's expends substantial resources developing, advertising, and otherwise promoting the Buc-ee's Marks.

33.     Buc-ee's extensively uses, advertises, and promotes the Buc-ee's Marks in the United States in association with the sale of quality goods and has carefully monitored and policed the use of the Buc-ee's Marks.

34.     The Buc-ee's Marks are distinctive, signifying to purchasers that products promoted and sold in connection with Buc-ee's Marks come from Buc-ee's and are manufactured

to Buc-ee's quality standards. All genuine Buc-ee's products are inspected and approved by or on behalf of Buc-ee's prior to distribution and sale. As a result of Buc-ee's efforts, members of the consuming public readily identify merchandise bearing or sold under the Buc-ee's Marks, as being quality goods sponsored and approved by Buc-ee's.

35.     Accordingly, the Buc-ee's Marks have achieved secondary meaning as identifiers of Buc-ee's and of Buc-ee's quality goods.

### B.    Defendants' Infringing Activities

36.     Upon information and belief, Defendants are engaged in the retail sale of apparel, accessories, and gear through Born United retail stores, its website at www.BornUnited.com, and nationwide to various third-party sellers.

37.     The present lawsuit arises from Defendants' design, manufacture, distribution, advertisement, marketing, offering for sale, and sale of products, including clothing and memorabilia, which infringe upon Plaintiff's rights in the Buc-ee's Marks ("Accused Products" and/or "Accused Marks"), exemplars of which are shown below:









38.     Buc-ee's is informed and believes that Defendants are competitors of Buc-ee's and have introduced the Accused Products into the stream of commerce to exploit Buc-ee's reputation and hard-earned goodwill.

39.     The Accused Products, including short and long-sleeved shirts in various colors, shorts/pants, and patch emblems, all clearly depict Plaintiff's Buc-ee's Marks.

40.     Buc-ee's has not granted a license or any other form of permission to Defendants with respect to any trademarks or other intellectual property. Despite receiving a cease-and-desist letter from Plaintiff and the Original Complaint in this matter, Plaintiff is informed and believes that Defendants continue to sell infringing goods.

41.     Upon information and belief, Defendants may have sold additional products and/or provided services that infringe Buc-ee's trademarks or other intellectual property. Buc-ee's will seek leave to amend as additional information becomes available through discovery. The Accused Products appear to be among Defendants' best-selling items, and they sell both shirts and patches bearing the same infringing design.

42.     Buc-ee's is informed and believes and herein alleges that Defendants acted in bad faith and that Defendants' acts have misled and confused and were intended to mislead, cause confusion, cause mistake, or deceive as to the affiliation, connection, or association of the Accused Products with Buc-ee's, or as to the origin, sponsorship, or approval of the Accused Products by Buc-ee's.

43.     Defendants' slavish copying of the Buc-ee's Marks and continued promotion, distribution, and sale of the infringing products even after receiving actual notice of Plaintiff's rights demonstrates willful and intentional infringement and bad faith conduct designed to capitalize on Plaintiff's established goodwill and reputation.

## FIRST CLAIM FOR RELIEF

### (Trademark Infringement - 15 U.S.C. § 1114)

44.     Plaintiff Buc-ee's incorporates herein by reference the allegations of the preceding paragraphs as though fully set forth herein.

45.     The Buc-ee's Marks are nationally recognized, including within this judicial district, as being affixed to goods and apparel identifying Plaintiff.

46.     The Buc-ee's Trademark Registrations embodying the Buc-ee's Marks are in full force and effect, have never been abandoned, and the 3,246,893, 4,007,064, and 4,316,461 marks are incontestable.

47.     Defendants' infringing activities, as set forth above, are likely to cause confusion, mistake, or deception, or to deceive consumers as to the source, origin, affiliation, association, or sponsorship of Defendants' goods or services and falsely mislead consumers into believing that the Defendants' products originate from and/or are affiliated or connected with Buc-ee's, or are

licensed, sponsored, authorized, approved by, or sanctioned by Buc-ee's; or that Plaintiff controls the quality of Defendants' products.

48.     Defendants' infringing use of the Buc-ee's Marks is without Plaintiff's permission or authority and in total disregard of Plaintiff's rights to control its reputation and intellectual property.

49.     Defendants' activities are likely to lead to and result in confusion, mistake or deception, and are likely to cause the public to believe that Buc-ee's has produced, sponsored, authorized, licensed, or is otherwise connected or affiliated with Defendants' commercial and business activities, all to the detriment of Plaintiff.

50.     Defendants' activities are likely to cause confusion between Plaintiff and Defendants, and/or between Plaintiff's Buc-ee's Marks and Defendants' Accused Products. This confusion can take the form of initial interest, point of sale, and/or post-sale.

51.     Upon information and belief, Defendants' acts are deliberate and intended to confuse the public as to the source of Defendants' goods or services and to injure Plaintiff and reap the benefit of goodwill associated with Plaintiff's brand and trademarks.

52.     As a direct and proximate result of Defendants' infringing activities, Plaintiff has been injured and will continue to suffer injury to its business and reputation unless Defendants are restrained by this Court from infringing the Buc-ee's Marks.

53.     Plaintiff has no adequate remedy at law.

54.     In light of the foregoing, Plaintiff is entitled to injunctive relief prohibiting Defendants from using the Accused Products, or using any marks identical and/or confusingly similar to the Buc-ee's Marks, for any purpose, and to recover from Defendants all damages, including attorneys' fees, that Plaintiff has sustained and will sustain as a result of such infringing

acts, and all gains, profits, and advantages obtained by Defendants as a result thereof, in an amount not yet known, as well as the costs of this action pursuant to 15 U.S.C. § 1117(a) and attorneys' fees and treble damages pursuant to 15 U.S.C. § 1117(b).

## SECOND CLAIM FOR RELIEF

### (False Designation of Origin and Unfair Competition 15 U.S.C. § 1125(a))

55.    Plaintiff Buc-ee's incorporates herein by reference the allegations of the preceding paragraphs as though fully set forth herein.

56.    Defendants' infringing activities, as set forth above, are likely to cause confusion, mistake, or deception, or to deceive consumers as to the source, origin, affiliation, association, or sponsorship of Plaintiff's goods and services or Defendants' goods and services and falsely mislead consumers into believing that Defendants' products originate from Buc-ee's; are affiliated or connected with Buc-ee's; are licensed, sponsored, authorized, approved by, or sanctioned by Buc-ee's; or that Buc-ee's controls the quality of Defendants' products.

57.    Defendants' use of the Accused Marks is without Buc-ee's permission or authority and in total disregard of Plaintiff's rights.

58.    Buc-ee's has been irreparably damaged by the Defendants' unfair competition and misuse of the Buc-ee's Marks.

59.    Plaintiff has no adequate remedy at law.

60.    Defendants' egregious conduct in selling infringing merchandise is willful and intentional.

61.    In light of the foregoing, Plaintiff is entitled to injunctive relief prohibiting Defendants from using the Buc-ee's Marks, or any trademarks identical and/or confusingly similar to the Buc-ee's Marks, and to recover all damages, including attorneys' fees, that Plaintiff

has sustained and will sustain, and all gains, profits, and advantages obtained by Defendants as a result of their infringing acts alleged above in an amount not yet known, and the costs of this action.

### THIRD CLAIM FOR RELIEF

### (Common Law Trademark Infringement)

62.    Plaintiff Buc-ee's incorporates herein by reference the allegations of the preceding paragraphs as though fully set forth herein.

63.    Buc-ee's owns and enjoys common law trademark rights in the Buc-ee's Marks throughout the United States, including but not limited to in the state of South Carolina.

64.    Defendants' infringing activities in appropriating rights in Plaintiff's common law trademarks are intended to capitalize on Plaintiff's goodwill for the purpose of Defendants' own pecuniary gain. Plaintiff has expended substantial time, resources, and efforts to obtain an excellent reputation for its Buc-ee's brand. As a result of Plaintiff's efforts, Defendants are now unjustly enriched and are benefitting from intellectual property rights that rightfully and exclusively belong to Plaintiff.

65.    Defendants' infringing use of the Buc-ee's Marks is without Plaintiff's permission or authority and in total disregard of Plaintiff's rights to control its reputation and intellectual property.

66.    Defendants' unauthorized use of the Buc-ee's Marks has caused and is likely to cause confusion as to the source of Defendants' goods and/or services, all to the detriment of Plaintiff.

67.    Defendants' acts are willful, deliberate, and intended to confuse the public and/or injure Plaintiff.

68.     Plaintiff has been irreparably harmed and will continue to be irreparably harmed because of Defendants' aforementioned infringing activities unless Defendants are permanently enjoined by this Court.

69.     Said conduct continues to be inflicted on Plaintiff and violates Plaintiff's common law trademark rights in the Buc-ee's Marks. Said conduct was and continues to be harmful to Plaintiff, and as such Plaintiff is entitled to the assessment of increased and punitive damages against Defendants, in an amount determined at the trial of this action.

## FOURTH CLAIM FOR RELIEF

### (Unfair Competition Under South Carolina
### Trade Practices Act, S.C. Code § 39-5-10 et seq.)

70.     Plaintiff incorporates herein by reference the allegations of the preceding paragraphs as though fully set forth herein.

71.     This claim arises under South Carolina Unfair Trade Practices Act, S.C. Code §39-5-10 et seq. ("SCUTPA") for willful and deliberate unfair competition against Defendants.

72.     Defendants' wrongful acts alleged herein create a likelihood of confusion, mistake, or deception among consumers between Plaintiff's goods and services and those offered by Defendants in connection with the Buc-ee's Marks.

73.     Defendants' wrongful acts alleged herein adversely affect the public interest because such acts have the potential for repetition and the public's ability to rely on trademark law is undermined by such conduct.

74.     At the time Defendants began using the Buc-ee's Marks, Defendants had constructive notice of same under 15 U.S.C. § 1072.

75.     Defendants knew, or should have known, that their use of Buc-ee's Marks in connection with clothing and related goods would cause confusion, mistake, or deception among consumers.

76.     Defendants' wrongful acts alleged herein have permitted and/or will permit Defendants to earn substantial revenues and profits on the strength of Plaintiff's extensive advertising, consumer recognition, and goodwill associated with its Buc-ee's Marks.

77.     Because of Defendants' wrongful acts alleged herein, Plaintiff has suffered and is continuing to suffer damage to its business, trade, reputation, and goodwill as a result of the erroneous perception that the goods of Defendants are affiliated with, sponsored by, approved by, or originate from Plaintiff.

78.     As a result of Defendants' wrongful acts alleged herein, Plaintiff has suffered and is continuing to suffer irreparable injury. Plaintiff cannot be adequately compensated for these injuries by damages alone, and Plaintiff has no adequate remedy at law. Plaintiff is entitled to preliminary and permanent injunctive relief.

79.     Because Defendants' wrongful acts alleged herein constitute unfair and deceptive acts and business practices in violation of SCUTPA, Plaintiff is entitled to an award of damages, treble damages, and attorney's fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Buc-ee's, Ltd. respectfully prays that this Court enter judgment in its favor and against Defendants, as follows:

1.     A judgment that Defendants have infringed the Buc-ee's Marks and that said infringement was willful;

2.      An order granting permanent injunctive relief restraining and enjoining Defendants, their agents, servants, employees, officers, associates, attorneys, and all persons acting by, through, or in concert with any of them from infringing upon the Buc-ee's Marks, including, but not limited to:

a.      seeking to register or maintain any application or registration for and/or related to the Accused Marks, and all pending applications or any registration resulting therefrom be withdrawn or abandoned with prejudice;

b.      manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling the good and/or services that bear the Accused Marks, or any other trademarks identical and/or confusingly similar thereto;

c.      engaging in any other activity constituting unfair competition with Plaintiff, false designation of origin, or acts and practices that deceive consumers, the public, and/or trade, including without limitation, the use of designations owned by or associated with Plaintiff; and

d.      committing any other act which falsely represents, or which has the effect of falsely representing that the goods and services of Defendants are licensed by, authorized by, offered by, produced by, sponsored by, or in any other way associated with Plaintiff;

3.      Ordering Defendants to recall from any distributors and retailers and to deliver to Plaintiff for destruction or other disposition all remaining inventory of all goods bearing the Accused Marks, as well as related items, including all advertisements, promotional and marketing materials therefore, as well as means of making the same;

4.     Ordering Defendants to publish, at their own expense, nationwide corrective advertising pre-approved by Plaintiff, with no less than thirty (30) days to review, which corrective advertising shall dissociate Defendants and their goods/services from Plaintiff, with corrective advertising/statements remaining on Defendants' website(s) and social media for a period of no less than 18-months from publication;

5.     Ordering Defendants to file with this Court and serve on Plaintiff within thirty (30) days after entry of the injunction a report in writing, under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

6.     Ordering an accounting by Defendants of all gains, profits, and advantages derived from its wrongful acts pursuant to 15 U.S.C. § 1117(a);

7.     Awarding Plaintiff all Defendants' profits and all damages sustained by Plaintiff because of Defendants' wrongful acts, and such other compensatory damages as the Court determines to be fair, just and appropriate;

8.     Awarding enhanced damages in the Court's discretion as a result of Defendants' willful infringement;

9.     Finding that this is an exceptional case under 15 U.S.C. § 1117 and awarding attorneys' fees thereunder;

10.     Awarding applicable interest, costs, disbursements, and attorneys' fees; and

11.     Such other relief as may be just and proper.

/

/

/

/

24

Respectfully submitted,

February 6, 2026

*s/Timothy D. St.Clair*
Timothy D. St. Clair (Fed. ID # 4270)
Tasneem A. Dharamsi (Fed. ID # 13649)
**PARKER POE ADAMS & BERNSTEIN LLP**
110 East Court Street, Suite 200
Greenville, SC 29601
Telephone: (864) 577-6371
Email: timstclair@parkerpoe.com
Email: tasneemdharamsi@parkerpoe.com

Joseph J. Berghammer (pro hac vice, forthcoming)
Janice V. Mitrius (pro hac vice, forthcoming)
Erik S. Maurer (pro hac vice, forthcoming)
Abraham J. Varon (pro hac vice, forthcoming)
**BANNER & WITCOFF, LTD.**
71 South Wacker Drive
Suite 3600
Chicago, IL 60606-7407
Phone: (312) 463-5000
Facsimile: (312) 463-5001
jberghammer@bannerwitcoff.com
jmitrius@bannerwitcoff.com
emaurer@bannerwitcoff.com
avaron@bannerwitcoff.com

*Attorneys for Plaintiff*

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Buc-ee's, Ltd., hereby demands a trial by jury as to all claims in this Civil Action.

Respectfully submitted,

February 6, 2026

*s/Timothy D. St.Clair*
Timothy D. St. Clair (Fed. ID # 4270)
**PARKER POE ADAMS & BERNSTEIN LLP**
110 East Court Street
Suite 200
Greenville, SC 29601
Telephone: (864) 577-6371
Email: timstclair@parkerpoe.com

Joseph J. Berghammer (pro hac vice, forthcoming)
Janice V. Mitrius (pro hac vice, forthcoming)
Erik S. Maurer (pro hac vice, forthcoming)
Abraham J. Varon (pro hac vice, forthcoming)
**BANNER & WITCOFF, LTD.**
71 South Wacker Drive
Suite 3600
Chicago, IL 60606-7407
Phone: (312) 463-5000
Facsimile: (312) 463-5001
jberghammer@bannerwitcoff.com
jmitrius@bannerwitcoff.com
emaurer@bannerwitcoff.com
avaron@bannerwitcoff.com