UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| BUC-EE'S, Ltd.,<br><br>Plaintiff,<br><br>v.<br><br>Born United LLC;<br>Born United Holdings, LLC;<br>Born United Branson, LLC;<br>Born United Daytona, LLC;<br>Born United Edinburgh, LLC;<br>Born United Knoxville, LLC;<br>Born United Lynchburg, LLC;<br>Born United Myrtle Beach, LLC;<br>Born United Sevierville, LLC;<br>Born United Summerville, LLC;<br>Cameron Bechtold;<br>Jared Williams; and<br>Josiah Bradley,<br><br>Defendants. | Civil Action No.: 2:25-cv-04537-DCN |

CONSENT JUDGMENT AND PERMANENT INJUNCTION

The Court has considered the Joint Motion for Entry of Consent Judgment and Permanent Injunction filed by Plaintiff Buc-ee's, Ltd. ("Plaintiff") and Defendants Born United LLC, Born United Holdings, LLC, Born United Branson, LLC, Born United Daytona, LLC, Born United Edinburgh, LLC, Born United Knoxville, LLC, Born United Lynchburg, LLC, Born United Myrtle Beach, LLC, Born United Sevierville, LLC, and Born United Summerville, LLC, (collectively "Born United Entities"), and Cameron Bechtold, Jared Williams, and Josiah Bradley (collectively "Born United Individuals"), (all collectively "Defendants"), and finds that it should be GRANTED.

Final Judgment in favor of Plaintiff and against Defendants is hereby entered as follows:

IT IS STIPULATED, ORDERED, ADJUDGED, AND DECREED:

1. This Court has jurisdiction over the subject matter of this action pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121, and Chapter 85 of the Judiciary and Judicial Procedure Code, 28 U.S.C. §§ 1331 and 1338, and has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a).

2. Defendants have had the full opportunity to confer with counsel about this dispute and the terms of this Final Judgment and are entering into this Judgment without relying on any statements or representations by Plaintiff or its attorneys.

3. Plaintiff and Defendants stipulate that the facts set forth below in paragraphs 4 through 19 are undisputed.

4. Plaintiff owns and operates a chain of stores and travel centers under the BUC-EE'S brand which features an iconic, cartoon beaver logo ("Beaver Logo") used across all locations with its goods and services. For over four decades, Plaintiff has offered high quality convenience store, gas station and related services to the public through its Buc-ee's stores.

5. Plaintiff offers a wide variety of merchandise, including t-shirts, sweatshirts, hats, mugs, stickers, decals, and more, to the public.

6. In connection with these goods and services, Plaintiff has long and continuously used in commerce the below distinctive Beaver Logo. Buc-ee's has registered and common law rights to the Beaver Logo. The marks asserted in the First Amended Complaint depict the Beaver Logo (the "Asserted Marks").

7. Plaintiff's Beaver Logo in its Asserted Marks has become synonymous with the Buc-ee's brand. A segment about Buc-ee's that aired on CBS News' nationally syndicated Sunday Morning program compared the Beaver Logo's renown to Mickey Mouse, observing: "Perhaps not since Mickey Mouse has a cartoon rodent captured the hearts . . . of so many."

8. The Beaver Logo in Buc-ee's Asserted Marks has become ubiquitous as a household name due to Plaintiff's long use and promotion of the Asserted Marks. Plaintiff has grown its business from a single convenience store in Lake Jackson, Texas to more than 50 stores across Florida, Texas, Missouri, Alabama, Georgia, South Carolina, Tennessee, Kentucky, Mississippi, Virginia, Ohio, Colorado, and Arizona. Additional stores are under construction, including in Arkansas, North Carolina, Louisiana, and Kansas.

9. The Asserted Marks are inherently distinctive and serve to identify and indicate the source of Plaintiff's products and services to the consuming public.

10. The Asserted Marks have become distinctive in the marketplace to designate Plaintiff, to distinguish Plaintiff and its offerings from those of others, and to distinguish the source or origin of Plaintiff's offerings. The consuming public in the United States widely recognizes and associates the Asserted Marks with Plaintiff.

11. As a result of Plaintiff's long use and promotion of the Asserted Marks, Plaintiff has acquired valuable common law rights in the marks.

12. In addition to its extensive common law rights, Plaintiff owns numerous federal trademark registrations for its Beaver Logo, many of which are now incontestable pursuant to 15 U.S.C. § 1065.

13. Defendants operate retail and online businesses that sell apparel and accessories.

14. Defendants sell and/or have sold apparel and other merchandise featuring Plaintiff's Beaver Logo in the Asserted Marks.

15. Representative examples of the Defendants' infringing products are shown below:









16. Defendants had prior knowledge of Plaintiff's Asserted Marks before using Plaintiff's Marks on the infringing merchandise.

17. Defendants' use of the Asserted Marks without authorization gives rise to claims by Plaintiff for trademark infringement, false designation of origin, unfair competition, and unjust enrichment under federal and South Carolina state law, and Defendants consent to judgment on such claims for purposes of this Consent Judgment.

18. Accordingly, Defendants' future trademarks, products, and services must remain a "safe distance" from those of Plaintiff. *See vonRosenberg v. Lawrence*, 429 F. Supp. 3d 175, 184 (D.S.C. 2019) (court finding that the Defendants failed to "keep a safe distance away from the

margin line" of infringement, thereby violating the injunction); *Osem Food Indus. Ltd. v. Sherwood Foods,Inc.*, 917 F.2d 161, 164 (4th Cir. 1990) ("we note that some courts have indicated persuasively that once a company commits an unfair business practice it 'should thereafter be required to keep a safe distance away from the margin line.'")

19. An Order of this Court with the injunction set forth below is necessary to prevent Plaintiff from suffering irreparable injury to its business and substantial loss of goodwill and reputation.

NOW THEREFORE, the following is ORDERED:

(a) Defendants, as well as their officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with them, now or in the future, are permanently enjoined and restrained from using the Beaver Logo in the Asserted Marks and/or any other mark or name confusingly similar to the Beaver Logo in the Asserted Marks, and from any attempt to retain any part of the goodwill misappropriated from Plaintiff, including but not limited to selling merchandise featuring the Beaver Logo in the Asserted Marks;

(b) Defendants, as well as their officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with them, now or in the future, are permanently enjoined and restrained from aiding, abetting, or contributing to any third-party's use of the Beaver Logo in the Asserted Marks or any other mark or name confusingly similar to the Beaver Logo in the Asserted Marks;

(c) Defendants, as well as their officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with them, now or in the future, are permanently enjoined and restrained from effecting any assignments or transfers, forming new

entities, corporations, partnerships, or associations, or using any other device or person for the purpose of circumventing or otherwise avoiding the obligations set forth herein;

(d) Defendants, as well as their officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with them, now or in the future, are required to deliver up and destroy all products, internet postings and advertisements, and any other materials bearing or using the Beaver Logo in the Asserted Marks and/or any other mark or name that is confusingly similar to the Beaver Logo in the Asserted Marks;

(e) Defendants are ordered to file with this Court and to serve upon Plaintiff, within thirty (30) days after the entry and service of this injunction on Defendants, a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

(f) The Born United Entities are liable to Plaintiff for damages in the amount of $850,000 for Defendants' trademark infringement, false designation of origin, unfair competition, and unjust enrichment;

(g) This Final Judgment is binding upon Plaintiff and Defendants, as well as their agents, heirs, successors, and assigns;

(h) Except as otherwise provided herein, Plaintiff and Defendants bear their own attorneys' fees and costs;

(i) This is a Final Judgment, and Plaintiff and Defendants hereby waive all rights to appeal from such Judgment; provided, however, that nothing herein waives any Party's right to appeal any order or ruling arising from enforcement proceedings under this Judgment;

(j) This Court retains jurisdiction over this Final Judgment for the purpose of resolving any disputes arising from or under the terms of this Judgment, and any violation of this Order shall

be punishable as a contempt of Court, in addition to any and all other remedies available at law or in equity; and

(k) Should Defendants be found to have violated the terms of this Final Judgment, Defendants shall also be liable for its own, and Plaintiff's, attorneys' fees related to the enforcement of same. Should an action by Plaintiff to enforce the Final Judgment be meritless, Plaintiff shall be liable for Defendants' attorneys' fees related to the defense of same.

IT IS SO ORDERED this 19th day of August, 2026.

David C. Norton
United States District Judge

Charleston, South Carolina